IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BRANDON STEPLIGHT, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | CV 116-153 |
| ANNETTIA TOBY, Warden, | ) ) ) | |
| Respondent. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The above-captioned case, filed pursuant to 28 U.S.C. § 2254, is before the Court for initial review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The Court denied Petitioner's request to proceed *in forma pauperis* and directed him to pay the $5.00 filing fee. (See doc. no. 7.) Although the $5.00 payment has not yet arrived at the Court, Petitioner has provided documentation showing he requested prison officials to make the required payment from his trust account. (See doc. no. 8.) Accordingly, the Court will proceed with its initial review of the petition. For the reasons set forth below, the Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DISMISSED** as untimely and this civil action be **CLOSED**.

I.     **BACKGROUND**

On September 27, 2010, Petitioner pleaded guilty to felony murder in the Superior Court of Richmond County, Georgia, and Petitioner states he was sentenced to serve "Life

with parole." (Doc. no. 1, p. 1.) Petitioner does not report filing a direct appeal, but he did file a state habeas corpus petition in the Superior Court of Hancock County, Georgia, on May 3, 2013. (Id. at 3.) Petitioner further states the habeas court denied relief on October 16, 2013, (id.), but according to an attachment to his federal petition, the assistant attorney general submitted a proposed order to the presiding judge on December 18, 2014. (Doc. no. 1-1, pp. 2-10.) The Supreme Court of Georgia denied Petitioner's request for a certificate of probable cause to appeal on September 8, 2015. (Doc. no. 1, p. 4; doc. no. 1-2.)

Petitioner executed the instant federal habeas corpus petition on August 7, 2016, and gave it to prison officials for mailing on August 16, 2016. (Doc. no. 1, p. 17.) The Middle District of Georgia filed the petition on August 24, 2016, and United States District Judge Marc T. Treadwell transferred the case to this District because Petitioner was convicted in Richmond County, which is located within the Augusta Division of the Southern District of Georgia. (Doc. nos. 1, 4.) Petitioner claims: (1) he received ineffective assistance from his trial counsel on three different issues; (2) his guilty plea was not knowing and voluntary; and (3) the trial court improperly refused to allow him to withdraw his guilty plea. (Doc. no. 1, pp. 5-12.)

## II. DISCUSSION

### A. The Petition Is Time-Barred.

Pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2244(d), there is a one-year statute of limitations for § 2254 motions that runs from the latest of:

> (1)(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

2

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Under § 2244(d)(1)(A), a judgment becomes final upon "the conclusion of direct review or the expiration of the time for seeking such review." Because Petitioner did not file a direct appeal following his conviction in September of 2010, his conviction became "final" when the thirty day period to appeal expired. O.C.G.A. § 5-6-38(a) ("A notice of appeal shall be filed within 30 days after entry of the appealable decision or judgment complained of."). Thus, Petitioner's conviction became final in October of 2010.

The Court recognizes that, pursuant to 28 U.S.C. § 2244(d)(2), the one-year statute of limitations does not run while a properly filed application for state post-conviction relief or other collateral review is pending in state court. Cramer v. Sec'y, Dep't of Corr., 461 F.3d 1380, 1383 (11th Cir. 2006). Petitioner states he did not file his state habeas petition until May 3, 2013. (Doc. no. 1, p. 3.) Therefore, the one-year limitations period for filing a federal petition had already expired by the time he filed his state habeas petition, meaning that no time period remained to be tolled. See Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004) ("[O]nce a deadline has expired, there is nothing left to toll. A state court filing after the federal habeas filing deadline does not revive it.") (citing Moore v. Crosby, 321

3

F.3d 1377, 1381 (11th Cir. 2003)). Thus, the instant petition filed in August of 2016, over one year after his convictions became final in October of 2010, is untimely.

> **B.** **The Limitations Period Was Not Otherwise Reset under AEDPA, and Petitioner Has Not Shown that He Is Entitled to Equitable Tolling or that a Fundamental Miscarriage of Justice Has Occurred.**

AEDPA describes three other situations which may delay or reset its one-year statute of limitations: (1) where there is a newly discovered factual predicate for a petitioner's claim which could not have been discovered earlier through the exercise of due diligence; (2) where the State has created some "impediment" to filing the application; or (3) where the petitioner asserts a right that has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. 28 U.S.C. §§ 2244(d)(1)(B) – (D) (quoted *supra*). Petitioner has not provided any explanation that would delay or reset his one-year statute of limitations under any of these three statutory sections for his first three ineffective assistance of counsel claims.

As to his fourth and fifth claims - that his guilty plea was not knowing and voluntary and the trial court improperly refused to allow him to withdraw his guilty plea - Petitioner states these grounds are based on newly discovered evidence and further research. (Doc. no. 1, pp. 10, 12.) Notably, however, Petitioner does not identify what this newly discovered evidence is, and the factual bases presented for these claims are all events that occurred when he pleaded guilty in 2010. Thus, the Court concludes that there is no basis for statutory tolling of AEDPA's one-year statute of limitations as to any of Petitioner's claims.

Nevertheless, an otherwise untimely § 2254 petition may be considered if a petitioner can demonstrate that either he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. Equitable tolling can be applied to prevent the

4

application of AEDPA's statutory deadline, but only if a petitioner "shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quoting Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)); see also Lawrence v. Florida, 549 U.S. 327, 336 (2007). Nevertheless, equitable tolling is typically applied sparingly, Steed v. Head, 219 F.3d 1298, 1300 (11th Cir. 2000), and is available "only in truly extraordinary circumstances." Johnson v. United States, 340 F.3d 1219, 1226 (11th Cir. 2003). The petitioner bears the burden of proving his entitlement to equitable tolling, San Martin v. McNeil, 633 F.3d 1257, 1268 (11th Cir. 2011), and will not prevail based upon a showing of either extraordinary circumstances or diligence alone; the petitioner must establish both. See Chavez v. Sec'y Fla. Dep't of Corr., 647 F.3d 1057, 1072 (11th Cir. 2011).

Consideration of an otherwise untimely petition for federal habeas corpus relief may also be appropriate upon a showing that a "fundamental miscarriage of justice" has occurred, whereby "a constitutional violation has probably resulted in the conviction of one who is actually innocent." McQuiggin v. Perkins, 569 U.S._, 133 S. Ct. 1924, 1931 (2013) (citing Murray v. Carrier, 477 U.S. 478, 495-96 (1986)); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1218-19 (11th Cir. 2000). The actual innocence exception "is exceedingly narrow in scope," and a time-barred petitioner seeking to invoke it must be able "(1) to present 'new reliable evidence . . . that was not presented at trial,' and (2) to show 'that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt' in light of the new evidence." Rozzelle v. Sec'y, Fla. Dep't of Corr., 672 F.3d 1000, 1011 (11th Cir. 2012) (citations omitted), *cert. denied*, 133 S. Ct. 351 (2012). As the Supreme Court emphasized, "The miscarriage of justice exception, we underscore,

applies to a <u>severely confined</u> category: cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted [the petitioner].' " McQuiggin, 133 S. Ct. at 1933 (emphasis added).

Here, Petitioner has not shown that extraordinary circumstances stood in his way and prevented him from timely filing his federal petition. Nor has he presented any evidence, much less new, reliable evidence, to show that he did not commit the offense to which he pleaded guilty such that no reasonable juror would have found him guilty beyond a reasonable doubt. Indeed, by pleading guilty, he admitted the facts forming the basis for his felony murder conviction. Rather, it appears from the stated grounds for relief and attachments to his petition, Petitioner is upset that he did not receive the sentence he believed he should have received after entering a guilty plea rather than going to trial. Therefore, neither equitable tolling nor the actual innocence exception saves the instant petition from being time-barred under AEDPA.

## III. CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the § 2254 petition be **DISMISSED** as untimely and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 24th day of October, 2016, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA