IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BRANDON STEPLIGHT, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-153 |
| | ) | |
| ANNETTIA TOBY, Warden, | ) | |
| | ) | |
| Respondent. | ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed (doc. no. 11). Petitioner provides no information to change the Magistrate Judge's analysis that the petition filed pursuant to 28 U.S.C. § 2254 is untimely, but the Court offers two comments concerning Petitioner's objections. First, the Magistrate Judge acknowledged Petitioner had requested prison officials send the $5.00 filing fee to the Court and proceeded to screen the case despite the delay over which Petitioner has no control. The recommendation for dismissal is based on untimeliness, not a failure to pay $5.00.

Second, Petitioner repeats in his objections the arguments initially made concerning alleged error occurring in his underlying state case in 2010 and 2011, and he states he pursued state habeas corpus relief "within four years after his September 27, 2010

sentencing." (Doc. no. 11, p. 6.) However, as the Magistrate Judge explained, the one-year limitations period for filing a federal petition had already expired by the time Petitioner filed his state habeas petition, meaning that no time period remained to be tolled. (Doc. no. 9, p. 3 (citing Sibley v. Culliver, 377 F.3d 1196, 1204 (11th Cir. 2004).) Nor has Petitioner established he is entitled to equitable tolling or that a fundamental miscarriage of justice has occurred. (See id. at 5-6.)

Accordingly, the Court **OVERRULES** the objections and **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion. Therefore, this petition filed pursuant to § 2254 is **DISMISSED** as untimely.

A prisoner seeking relief under § 2254 must obtain a certificate of appealability ("COA") before appealing the denial of his application for a writ of habeas corpus. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2254 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-

---

[1]"If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2254 Proceedings.

frivolous issues to raise on appeal, an appeal would not be taken in good faith, and Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

Upon the foregoing, the Court **CLOSES** this civil action.

SO ORDERED this 15th day of November, 2016, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA